UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00556-RJC
3:17-cr-00272-RJC-DSC-1

| | |
|---|---|
| **DONTARIUS MARQUIS HALL,** )<br>)<br>**Petitioner,** )<br>)<br>vs. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>**Respondent.** )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Petitioner's Pro Se Motion to Vacate Sentence under 28 U.S.C. § 2255. [CV Doc. 1].[1]

**I.     BACKGROUND**

On February 21, 2018, Petitioner Dontarius Marquis Hall ("Petitioner") was charged in a Second Superseding Bill of Indictment with one count of drug trafficking conspiracy in violation of 21 U.S.C. § 841(b)(1)(A) (Count One); two counts of distribution of and possession with intent to distribute crack cocaine and aiding and abetting the same, all in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 2 (Counts Two and Three); one count of possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c) (Count Four); one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count Five); and one count of distribution of and possession with intent to distribute crack cocaine and aiding and abetting the same, all in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 2 (Count Six).

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:21-cv-00556-RJC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:17-cr-00272-RJC-DSC-1.

[CR Doc. 31: Second Superseding Bill of Indictment].

On June 4, 2018, the day Petitioner's trial was set to begin, Petitioner decided to plead guilty "straight up" without a plea agreement. [6/4/2018 Docket Entry]. The Court, therefore, conducted a plea colloquy and accepted Petitioner's guilty plea as knowing and voluntary. [CR Doc. 113: Plea Hearing Tr.].

Before sentencing, a probation officer prepared a Presentence Investigation Report (PSR). [CR Doc. 82]. In the PSR, the probation officer noted Petitioner's prior 2010 felony conviction in South Carolina for being a felon in possession of a firearm for which Petitioner was sentenced to a term of imprisonment of 13 to 16 months, suspended. [Id. at ¶ 58]. On January 24, 2019, the Court sentenced Petitioner to term of imprisonment of 264 months on Count One, a term of 60 months on each of Counts Two, Three, Five, and Six to run concurrently with each other and to the term imposed on Count One, and a term of 60 months on Count Four to run consecutively to all other terms of imprisonment, for a total term of 324 months. [CR Doc. 99 at 2: Judgment]. Judgment on Petitioner's conviction was entered on February 13, 2019. [Id.]. Petitioner appealed, [CR Doc. 101], claiming that this Court erred in failing to properly analyze his motion for downward variance, United States v. Hall, 798 Fed. App'x 781 (4th Cir. 2010) (unpublished decision). The Fourth Circuit affirmed, upholding the procedural and substantive reasonableness of Petitioner's sentence. Id. Petitioner filed a petition for writ of certiorari with the Supreme Court, which was denied on October 5, 2020. Hall v. United States, 141 S. Ct. 297 (2020).

On October 18, 2021, Petitioner filed a pro se motion to vacate sentence under 28 U.S.C. § 2255. [CV Doc. 1]. Petitioner placed his motion to vacate in the prison mailing system on October 8, 2021. [Id. at 12]. In his § 2255 motion, Petitioner argues in his sole claim for relief that "his conviction and sentence under § 922(g) should be vacated because the government did

not prove – as he argues Rehaif requires – that he knew he possessed a firearm or that he knew he was a felon when he possessed the firearm."[2] [Id. at 4 (errors uncorrected)]. Petitioner asks the Court to vacate his conviction under § 922(g). [Id. at 12]. While Petitioner claims that his motion was filed "well within his One Year filling [*sic*] statute of Limitations," [Id. at 11], he also argues for application of equitable tolling, [CV Doc. 1-1 at 16-19]. As grounds for equitable tolling, Petitioner claims that the COVID-19 pandemic "has severely impacted his prison" and that "modified prison operations," including "multiple long-term lockdowns" deprived Petitioner of access to the law library, email, and telephones. [Id. at 17]. Petitioner further claims that he "lack[ed] the time and resources to conduct legal research due to the multiple breakouts of COVID-19 in his facility." [Id. at 17-18].

## II.  STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that Petitioner's motion

---

[2] In United States v. Rehaif, 139 S. Ct. 2191 (2019), the Supreme Court "conclude[d] that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200.

3

Case 3:21-cv-00556-RJC   Document 2   Filed 10/28/21   Page 3 of 6

can be resolved without an evidentiary hearing based on the record and governing law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III. ANALYSIS**

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's conviction here became final for purposes of Section 2255(f) on October 5, 2020, when the Supreme Court denied Petitioner's petition for writ of certiorari. Petitioner, however, did not file the instant motion to vacate until October 8, 2021, over one year after his conviction became final. Petitioner's motion, therefore, is untimely and barred by the AEDPA. Additionally, Petitioner has not stated adequate grounds for the application of equitable tolling. To be entitled to equitable tolling, "an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that

prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003), cert. denied, 541 U.S. 905, 124 S. Ct. 1605 (2004)). A petitioner must show he has been "pursuing his rights diligently." Holland v. Florida, 560 U.S. 631, 649 (2010). Further, equitable tolling is limited to "rare instances – where due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)).

While Plaintiff's efforts may have been hampered by lock downs and COVID-19-related restrictions at his facility during the year after his conviction became final, Petitioner has not shown that he was prevented from timely filing this motion or that he diligently pursued his rights, nor does it appear that a gross injustice would result from enforcing the limitations period against Petitioner.³ Because Petitioner addressed the timeliness issue in his original petition, the Court need not provide Petitioner any additional opportunities to address this issue. See Whitener v. United States, No. 3:14-cv-600-MOC, 2014 WL 7339188 (Dec. 23, 2014); Cureton v. United States, 2007 WL 1651437, n.1 (W.D.N.C. June 2, 2007). The Court will, therefore, deny and dismiss Petitioner's motion to vacate.

As such, Petitioner's claim is untimely under § 2255(f) and equitable tolling does not apply. The Court will, therefore, dismiss Petitioner's motion to vacate on initial review.

---

³ Even if Petitioner's motion to vacate were not time-barred, he is not entitled to relief thereunder in any event. Petitioner pleaded guilty to the § 922(g) charge and has not alleged nor could he reasonably claim that he was, in fact, unaware of his prohibited status at the time he possessed the firearm at issue. See Greer v. United States, 141 S. Ct. 2090 (2021) ("As many courts have recognized and as common sense suggests, individuals who are convicted felons ordinarily know that they are convicted felons."). The prior felony conviction on which the Government relied in charging Petitioner under § 922(g) was a 2010 South Carolina conviction for being a felon in possession of a firearm. [CR Doc. 113 at 17: Plea Hearing Tr.].

5

## IV. CONCLUSION

For the reasons stated herein, Petitioner's Section 2255 motion is untimely and is denied and dismissed with prejudice.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

Signed: October 27, 2021

*[Signature]*

Robert J. Conrad, Jr.
United States District Judge